UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BROTHERHOOD OF RAILROAD SIGNALMEN                                    PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:12CV63-S

INVENSYS RAIL CORPORATION                                            DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on cross-motions for summary judgment in this action in which the plaintiff, Brotherhood of Railroad Signalmen ("BRS"), seeks an order compelling arbitration of a grievance under the terms of a collective bargaining agreement (the "CBA") between BRS and the defendant, Invensys Rail Corporation ("Invensys" or "the company"). (DNs 23; 42).[1]

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-

---

[1] Invensys has also moved to supplement its response to the plaintiff's motion for summary judgment (DN 44). The motion will be granted and the supplemental response substituted for Invensys' original response (DN 30).

moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

This action arose from an alleged violation of the collective bargaining agreement between the plaintiff, Brotherhood of Railroad Signalmen ("BRS") and Invensys. BRS is the collective bargaining representative of non-management employees at Invensys' Louisville, Kentucky, facility.

In a meeting in July 2010 in which BRS officials participated, Invensys presented a plan to implement a Vendor Managed Inventory ("VMI") process. In September 2010, BRS proposed an alternative to the VMI plan. BRS' proposal was rejected by the company. The VMI plan was implemented at the Invensys facility on October 26, 2010.

BRS officials met with Invensys human resources representatives on November 4, 2010 to discuss, among other things, BRS' concerns over the VMI plan. According to BRS, inventory handling had been performed in the past by BRS-represented employees rather than by outside vendors. At the November 4th meeting, BRS urged that Invensys' assignment of the work to vendor Würth Snider Bolt & Screw, Inc. violated the CBA. Following the meeting, BRS and the company continued to discuss the dispute and possible solutions.

On February 28, 2011, BRS initiated a grievance with Invensys by submitting a letter stating that:

> As per (Rule 1102) of the C.B.A., this letter is to serve as notice as to the start of the Grievance Procedure.

The Union takes the position that the Company has violated and is in violation of both Schedule "B" and Schedule "C" of the C.B.A.  The Company by bringing in outside vendors to scan and restock materials are allowing non union personnel to perform work that has been done by the shop employees in the past and is spelled out in Schedule "A" in the Coordinators job description and in Schedule "C" Assemblers job description (numbers 10 and 11) [sic]  The Union has made numerous attempts to rectify this situation and have offered the Company a compromise That [sic] the Union feels would allow the Company to accomplish what it desires to do and the Unions [sic] desire to honor the C.B.A.  The Company has made no effort to rectify this situation or to acknowledge the Unions [sic] offer of a compromise.  Therefore we ask that the Company refrain from continuing to violate the C.B.A. by having non union personnel come in and do work that is traditionally Union work.  As always if the Company would like to settle this grievance prior to arbitration the Union is willing to meet.

DN 24-2.

Rule 1101 of the CBA states that "[a]ny disputes involving interpretation or application of [the CBA] shall be subject to an orderly grievance procedure as set forth herein."  Step 1 of the grievance process requires that "[t]he aggrieved employee or the Union shall present the grievance in writing to the Plant Manager or designated representative, within fifteen (15) calendar days after the cause of such grievance becomes known or could reasonably be expected to have been known."  Rule 1102, Step 1.

Invensys denied BRS' grievance on March 28, 2011.  BRS filed a Step 2 appeal which the company denied on April 18, 2011.  On May 5, 2011, BRS notified Invensys that it wished to arbitrate the grievance in accordance with Rules 1102, Step 3 and 1103 of the CBA.  Invensys refused to arbitrate the matter in the absence of agreement by BRS to bifurcate the question of timeliness of the initial grievance from an arbitration on the merits.  BRS filed suit to compel Invensys to submit to arbitration of the matter.

Invensys contends that there is no *bona fide* issue concerning timeliness, and therefore the court should not compel arbitration.  Rather, it urges the court to dismiss the action with prejudice,

and has filed a motion for summary judgment.  In support of its contention, Invensys relies heavily

on the case of *United Steel Workers of America AFL-CIO-CLC v. Cherokee Electric Cooperative*,

Civ. A. No. 86-AR-2163-M, 1987 WL 17056 (N.D.Al. Feb. 19, 1987).  Invensys states that

> One essential term of [the collective bargaining] agreement is timeliness,
> Concededly, *bona fide* "disputes" over timeliness are to be resolved by an arbitrator.
> *United Steelworkers of America v. Saint Gobain Ceramics and Plastics*, 505 F.3d
> 417, 420 (6th Cir. 2007); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 82-84
> (2002)."

Invensys insists, however, that BRS has conceded that its grievance was untimely filed.  It urges that

there is no *bona fide* issue to put before an arbitrator, as the parties agree that the grievance was

untimely, and the deadline for initiating a grievance cannot be extended by agreement of the parties.

BRS does not concede that its grievance was untimely.  BRS' grievance claims that ongoing

conduct has allegedly violated and continues to violates the CBA.  BRS affirms that it filed its

written grievance on February 28, 2011.  It contends that, at the very least, its grievance was timely

as to work performed by non-bargaining unit workers for the period fifteen days prior to the filing

date of the grievance and continuing forward.  It further asserts a "law of the shop" argument, noting

that various time limits in the grievance process have been disregarded in a number of instances,

while the parties met in an attempt to resolve disputes.  BRS cites to testimony from the Leasor and

Ramirez depositions in support of this contention.  Further, BRS notes, and Invensys does not

dispute, that for a period of time after the November 4, 2010 meeting, the parties did continue to

discuss the dispute and attempt to craft a resolution.

The court offers no opinion as to the strength of the timeliness arguments asserted by BRS.

For our purposes, we note only that a grievance was filed and that BRS contends that the grievance

was timely.

The facts before us are clearly distinguishable from those which were operative in *Cherokee Electric*. To the extent that *Cherokee Electric* can be said to retain any vitality, it must be limited in application to its facts. The court noted in *Cherokee Electric* that

> Cherokee Electric corroctly [sic] points out that the Steelworkers have never contended that the grievance was timely, relying instead on the argument that 'timeliness' is not a question before the court. The court notes that the Steelworkers have offered no evidence whatsoever indicating that there is even a 'question' as to timeliness, and the affidavits offered by the Company which flatly and consistently state that the grievance was untimely have not been gainsaid by the Steelworkers...Here, there is no question of timeliness since the Steelworkers have never even asserted that the grievance was timely. They have failed to carry their burden as required by *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986), and have, in essence, admitted that the grievance was untimely filed.

*Cherokee Electric*, 1987 WL 17056, *3 - 4.

The facts in the case at bar stand in stark contrast. Timeliness has been placed in issue by the parties and must therefore be addressed by an arbitrator. *See, Cherokee Electric, supra.*, at *3 ("Any doubts regarding whether a matter is arbitrable are to be resolved in favor of arbitrability. The only question here is whether this particular grievance must be submitted to arbitration, and the court does not bother itself with whether or not the grievance has merit."), *citing John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909 (1964). *See also, United Steelworkers of America v. Simcala, Inc.,* 971 F.Supp 522 (M.D.Al. 1997)(finding case distinguishable on the facts from *Cherokee Electric*; colorable dispute concerning timeliness).

Further, *Saint Gobain* states the law in this circuit that timeliness is to be addressed as a threshold matter by the arbitrator:

> What emerges from *John Wiley & Sons* and *Howsam [v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002)] is a fairly straightforward rule: A time-limitation provision involves a matter of procedure; it is a "condition precedent" to arbitration, *id.*(internal quotation marks omitted); and

- 5 -

it thus is "presumptively" a matter for an arbitrator to decide, *id.* In the absence of an agreement to the contrary, in the absence in other words of language in the agreement rebutting the presumption, arbitrators rather than judges should resolve disputes over time-limitation provisions.

505 F.3d at 422.

Invensys urges that BRS' arguments cannot withstand scrutiny. However, Invensys' contention that the claim of timeliness is legally and/ or factually meritless is question for the arbitrator. This matter will be ordered to arbitration by separate order of the court.

**IT IS SO ORDERED.**

March 25, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**